S. ARMSTRONG, APPELLEE, v. H. HELFRICH ET AL.,
APPELLANTS.

[FILED MARCH 30, 1892.]

Real Estate: CONTRACT TO EXCHANGE: RESCISSION. The plaintiff
and defendant exchanged real estate. The part conveyed by
the plaintiff to the defendant was situate in Blue Springs;
that conveyed by the defendant to plaintiff in exchange therefor
being in Rooks county, Kansas, and South Dakota. The defend-
ant stated that he never had seen the Kansas land and urged the
plaintiff to go and see it. It appeared, however, that he had viewed
said land and knew that it was poor and nearly worthless. It
also appeared that the South Dakota land was incumbered and
that the plaintiff obtained but little value for his property. *Held*,
That the judgment rescinding the exchange was right and is
affirmed.

APPEAL from the district court for Gage county. Heard
below before BROADY, J.

*A. D. McCandless*, for appellants.

*T. F. Burke*, and *Rickards & Prout, contra.*

MAXWELL, CH. J.

This is an action to rescind a contract and compel the
reconveyance of certain real estate. The cause of action is
set forth in the petition as follows:

"That heretofore on the 2d day of April, A. D. 1889,
he was the owner in fee of the following described real
estate, to-wit: That part of lot No. 7, block No. 3, in
Casebeer's addition to Blue Springs, Gage county, Ne-
braska, commencing thirteen feet west from the northeast
corner of said lot, thence south 123¾ feet, thence west
twenty-four feet, thence north 124¾ feet, thence east
twenty-four feet to the place of beginning, together with
the two-story brick business building thereon situated, of
the value of $5,600.

" 2. That on or about said day the defendant represented to the plaintiff that he, the said defendant, was the owner in fee simple of the following described real estate, to-wit: The southeast quarter of section 12, township No. 116 north, range 48 west, of the 5th principal meridian, containing 160 acres, in Dual county, territory of Dakota, of the value, as defendant then represented, of $1,600; also lot 10 in block 8, south of Main street, in Stockton, Rooks county, state of Kansas, of the value of $1,100.    Said defendant further represented to plaintiff that he was the owner of certificates of purchase of certain school lands in the state of Kansas, described as follows, to-wit: The north half of section 36, township 7 south, range 20 west, of the 6th principal meridian, in the county of Rooks, state of Kansas ; that the value of said defendant's equity in said land was the sum of $3,050.    Said defendant represented to plaintiff that said half section of land in Rooks county, Kansas, was fine, smooth, second bottom land, well adapted to farming purposes, and was then covered with a fine growth of grass, and that the title to said land was clear, saving and excepting the sum of $800, balance to the state as purchase money, then remaining unpaid.

"3. That said defendant referred plaintiff, for verification of his statements as to the quality of the said Kansas land, to one ——, a resident of Blue Springs, who, as was claimed, had lived in the vicinity of said land, and was wholly disinterested in said property and the result of the negotiations then pending between plaintiff and defendant; that upon inquiry, said —— fully corroborated the statements of said defendant.

"4. That he, fully relying upon the statements and representations of said defendant and said —— as to the quality and value of said Kansas land, and the representation and statement of the defendant as to the quality, value and title of the said lot in Stockton, Kansas, and the said lands in Dakota, and at the earnest solicitations of said de-

fendants, agreed and did exchange his said business property in Blue Springs with the defendant for the property claimed to be owned by said defendant hereinbefore described.

"5. That he has recently visited Rooks county, Kansas, and went upon and examined the said school land, and found the same to be not fine and smooth second bottom land, cov-·ered with a fine growth of grass and well adapted to agricultural purposes, but on the contrary that said lands were very rough and hilly and what is known as "chalk land," wholly unfit for farming purposes, and, saving a very small part thereof, said land is wholly barren, upon which no grass will grow, and is of little or no value for any purpose whatsoever.

"6. That these facts were well known to defendant at the time he made said false and fraudulent representations to plaintiff, as they were also to said ——, whom the plaintiff has since learned was in the employ of the said defendant for the purpose of assisting the defendant to cheat and defraud this plaintiff, and that such false and fraudulent representations were so made as aforesaid for the purpose of inducing the plaintiff to make exchange for said property, and for the purpose of cheating and defrauding this plaintiff out of his property.

"7. That the said defendant never had title to the said lot 8, block 10, in the city of Stockton and conveyed nothing by his pretended deed, and that said property, instead of being of the value of $1,100 as represented by the defendant, is not worth to exceed the sum of $250, which facts were well known to the defendant when he made said false and fraudulent representations; that he has had no opportunity to examine the Dakota land, but from the best information he can obtain said land is not worth to exceed the sum of $500.

"8. That since the time plaintiff conveyed to the defendant the said property in Blue Springs, to-wit, on the

20th day of May, 1889, the defendant incumbered the said property to one C. E. White by mortgage in the sum of $1,500."

The court below found the issues in favor of the plaintiff and rendered judgment accordingly.

It is claimed on behalf of the plaintiff that there is no sufficient proof of fraud. The fraud is denied in the answer. It is true that the defendant informed the plaintiff that he had never seen the real estate in Rooks county and urged him to go and see it himself. The proof, however, clearly shows that he had visited the land in question and knew its character, and that he concealed that fact from the plaintiff. It also appears that the real estate in Rooks county is of but little value, and that the plaintiff obtained but little for his property in Blue Springs. It also appears that Mr. Bell is a son-in-law of the plaintiff and is not a *bona fide* purchaser. The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.